UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ARBERY LEE WRIGHT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security,<br><br>　　　　Defendant. | Case No. CV 13-7104-DFM<br><br>MEMORANDUM OPINION AND<br>ORDER |

　　　Plaintiff Arbery Wright ("Plaintiff") appeals the Commissioner's final decision denying his application for disability insurance benefits. This Court concludes that the Administrative Law Judge ("ALJ") properly assessed Plaintiff's credibility. Therefore, the Commissioner's decision is affirmed and the matter is dismissed with prejudice.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　Plaintiff filed his application for disability insurance benefits on April 27, 2012, alleging disability beginning August 5, 2011. In an unfavorable decision, the ALJ concluded that Plaintiff was not disabled because he could perform his past relevant work. Administrative Record ("AR") 15-23.

## II.
## ISSUE PRESENTED

The parties dispute whether the ALJ erred in assessing Plaintiff's credibility. See Joint Stipulation ("JS") at 3.

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion. Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

## IV.
## DISCUSSION

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting his subjective symptom testimony. See JS at 4-15. Plaintiff testified that he has been diagnosed with osteoarthritis in his

2

knees, diabetes, and hypertension. Plaintiff also testified that he has pain and swelling in his knees, ankles, back, and arms, which prevent him from being able to work. AR 35, 38, 43.

To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. Vasquez v. Astrue, 572 F.3d 586, 591 (9th Cir. 2009) (citing Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. Lingenfelter, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain are reasonably consistent with the objective medical evidence and other evidence, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).

If the claimant meets the first step and there is no affirmative evidence of malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. Robbins, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." Reddick, 157 F.3d at 722 (quoting Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. Smolen v. Chater, 80 F.3d

1273, 1284 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. Id.

The ALJ gave specific reasons for finding that Plaintiff's subjective testimony was not entirely credible, each of which is fully supported by the record. The ALJ noted that, despite Plaintiff's complaints of debilitating pain, he was able to perform certain daily activities, such as independently handling his personal care, preparing simple meals, driving, taking public transportation, going out alone, shopping, reading, watching television, attending church, and going to medical appointments. AR 25. While it is true that "one does not need to be 'utterly incapacitated' in order to be disabled," Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001), the extent of Plaintiff's activity here supports the ALJ's finding that Plaintiff's reports of the severity of his impairment were not fully credible. See Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1227 (9th Cir. 2009); Curry v. Sullivan, 925 F.2d 1127, 1130 (9th Cir. 1991) (finding that the claimant's ability to "take care of her personal needs, prepare easy meals, do light housework, and shop for some groceries . . . may be seen as inconsistent with the presence of a condition which would preclude all work activity") (citing Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989)).

The ALJ also noted that Plaintiff testified that he stopped working because he was laid off from his last job, not because he was unable to work due to his impairments. AR 25 (citing AR 37-38); see Bruton v. Massanari, 268 F.3d 824, 82 (9th Cir. 2001) (holding that ALJ properly considered the fact that the claimant stopped working because she was laid off, not because of a medical disability). Similarly, the ALJ properly considered the fact that Plaintiff testified that he collected unemployment benefits for 22 months during the period under adjudication and searched for a job during this time.

In order to collect unemployment benefits, Plaintiff had to certify that he was ready, willing, and able to work. See Carmickle v. Comm'r, 533 F.3d 1155, 1161-62 (9th Cir. 2008) (noting that where the claimant holds himself out as ready and able to work, the "receipt of unemployment benefits can undermine a claimant's alleged inability to work fulltime") (citing Copeland v. Bowen, 861 F.2d 536, 542 (9th Cir. 1988)).

The ALJ also properly took into account the fact that Plaintiff had been found to be noncompliant with medical treatment. AR 25 (citing AR 282). Plaintiff's medical records note that Plaintiff was "intermittently taking his BP [blood pressure] medication." AR 282, 283. An ALJ may rely upon a claimant's noncompliance with treatment to provide clear and convincing evidence for an adverse credibility finding. See Orn v. Astrue, 495 F.3d 625, 638 (9th Cir. 2007); Fair, 885 F.2d at 603 (inadequately explained failure to follow a prescribed course of treatment can cast doubt on the sincerity of the claimant's testimony).

Additionally, the ALJ found that Plaintiff's testimony that he was prescribed a cane in 2004 and required it in order to ambulate was undermined by the absence of any record of Plaintiff being prescribed a cane, as well as the consultative examiner's determination that Plaintiff did not require a cane. AR 19 (citing AR 48-49, 253-54). The ALJ also noted that Plaintiff's claim that he has required a cane since 2004 was belied by the fact that he continued to work until 2011 at his job as a lab technician which "required lifting up to 25 pounds and delivering packages and performing a significant amount of postural activities." AR 26. The ALJ properly considered that Plaintiff's claim that he required a cane was unsupported by any medical records and that the use of a cane was largely incompatible with Plaintiff's continued performance of his past relevant work. See Tommasetti v. Astrue, 533 F.3d 1035, 1039 (9th Cir. 2008) (holding that ALJ may consider many factors in weighing a claimant's

5


credibility, including "ordinary techniques of credibility evaluation, such as . . . testimony by the claimant that seems less than candid").

The ALJ also considered that Plaintiff's claims of disabling pain were unsupported by the medical evidence. After reviewing the medical record, the ALJ concluded that the medical evidence generally showed unremarkable examinations and few abnormal findings. AR 24. Similarly, the consultative examining physician's findings were largely normal and unremarkable, and the examining physician determined that Plaintiff was capable of performing medium work with a few postural limitations. AR 24 (citing AR 249-54). "Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis." Burch v. Barnhart, 400 F.3d 676, 681 (9th Cir. 2005).

Finally, the ALJ relied upon Plaintiff's lack of treatment for his impairments during the period at issue in finding Plaintiff not fully credible. AR 25. This was improper. Plaintiff testified that the reason he did not seek medical treatment was because he had lost his medical insurance and could not afford treatment or medication. AR 44. The denial of disability benefits cannot be based upon a claimant's failure to obtain treatment where the claimant cannot afford treatment. See Orn, 495 F.3d at 638; Smolen, 80 F.3d at 1284.

Where one of the ALJ's several reasons supporting an adverse credibility finding is invalid, the Court applies a harmless error standard. See Carmickle, 533 F.3d at 1162 (citing Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195-97 (9th Cir. 2004)). As long as there remains "substantial evidence supporting the ALJ's conclusions on . . . credibility" and the error "does not negate the validity of the ALJ's ultimate [credibility] conclusion," the error is harmless and does not warrant reversal. Batson, 359 F.3d at 1197. Here, even though the ALJ erred in considering Plaintiff's lack of medical treatment, the

ALJ's other reasons for finding Plaintiff not fully credible were supported by substantial evidence in the record, as discussed above, and any error was therefore harmless.

On appellate review, this Court does not reweigh the hearing evidence regarding Plaintiff's credibility. Rather, this Court is limited to determining whether the ALJ properly identified clear and convincing reasons for discrediting Plaintiff's credibility. See Smolen, 80 F.3d at 1284. The written record reflects that the ALJ did just that. As previously noted, it is the responsibility of the ALJ to determine credibility and resolve conflicts or ambiguities in the evidence. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir. 1989). If the ALJ's findings are supported by substantial evidence, this Court may not engage in second-guessing. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); Fair, 885 F.2d at 604.  It was reasonable for the ALJ to rely on all of the reasons stated above, each of which is fully supported by the record, in rejecting Plaintiff's subjective testimony.  In sum, the Court finds that the ALJ reasonably and properly discredited Plaintiff's subjective testimony regarding the severity of his symptoms as not being wholly credible.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is AFFIRMED and the action is DISMISSED with prejudice.

Dated:  April 24, 2014

DOUGLAS F. McCORMICK
United States Magistrate Judge

7